Filed 7/14/21  P. v. Hernandez CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>NORBERTO HERNANDEZ,<br><br>    Defendant and Appellant. | G059985<br><br>(Super. Ct. No. 08ZF0020)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Frank Ospino, Judge.  Affirmed.

C. Matthew Missakian, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*        \*        \*

Generally, a person convicted of murder under the felony-murder rule or the natural and probable consequences doctrine may petition the trial court to vacate the conviction. (Pen. Code, § 1170.95.)[1] In 2009, defendant Norberto Hernandez was convicted of two counts of first degree murder, related crimes and enhancements.

In 2020, Hernandez filed a section 1170.95 petition. The trial court denied the petition because Hernandez was not convicted of the two murders under either the felony-murder rule or the natural and probable consequences doctrine. Hernandez filed a notice of appeal from that order and this court appointed appellate counsel.

Counsel filed a "*Wende* brief" informing this court of no arguable issues. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Counsel notified Hernandez of his right to file a supplemental brief. We have received no further briefing.

We affirm the trial court's order.


I

FACTS AND PROCEDURAL BACKGROUND

We provide the following "brief description of the facts and procedural history of the case, the crimes of which the defendant was convicted, and the punishment imposed." (*People v. Kelly* (2006) 40 Cal.4th 106, 109-110.) The facts are taken from this court's unpublished opinion in Hernandez's initial appeal. (*People v. Hernandez* (Jan. 21, 2011, G042193) [nonpub. opn.].)

On December 15, 2006, a shooting took place in Santa Ana. A street vendor was shot in the back and was seriously injured. Police recovered four .380 caliber bullet cartridges.

---

[1] Further undesignated statutory references are to the Penal Code.

On December 17, 2006, police found two gang members lying on a sidewalk, each had died from a single gunshot wound to the head. Another gang member was seriously wounded. Police recovered two RP .380 caliber cartridges.

On January 15, 2007, police arrested Hernandez, who was carrying a loaded .380 semiautomatic pistol. An investigation determined the six cartridges recovered from the two earlier crime scenes were fired from that pistol. Hernandez made statements to the police putting himself at both crime scenes. As far as the second shooting, Hernandez admitted being there with his fellow gang members when the three victims (suspected rival gang members) were confronted and shot.

*Procedural History*

In 2009, a jury convicted Hernandez of two counts of first degree murder, two counts of active participation in a criminal street gang, attempted murder, and assault with a firearm. The jury also found true gang enhancements and firearm enhancements. The jury further found true gang and multiple murder special circumstances. The trial court imposed a life sentence without the possibility of parole. On appeal, this court reversed the assault conviction, and one of the active gang participation convictions, but otherwise affirmed.

On December 2, 2020, Hernandez filed a petition for resentencing under the provisions of section 1170.95. Hernandez requested the appointment of counsel.

On January 13, 2021, the prosecution filed a response. The prosecution attached the complete set of jury instructions, which did not include instructions for the felony-murder rule or the natural and probable consequences doctrine. The prosecution noted the jury found true a special circumstance that required a finding that Hernandez was an active member of a criminal street gang and that he intentionally killed the two victims. (§ 190.2, subd. (a)(22).)

3

On February 16, 2021, Hernandez (now represented by counsel) filed a reply to the prosecution's response. Hernandez argued the prosecution pursued inconsistent factual theories at his trial and the trial of a codefendant.

On March 5, 2021, the court conducted a hearing on the petition. The court reviewed the pleadings, the underlying appellate opinion, and various other exhibits submitted by the parties, including the closing argument from Hernandez's trial. The court found the prosecution had not proceeded under the felony-murder rule or the natural and probable consequences theory. The court also found Hernandez's murder convictions were based on a theory that either he was the actual shooter, or he was a "direct aider and abettor who shared the same intent as the actual shooter."

The trial court ruled "based on the record that I have in front of me, I cannot legally make a finding that the defendant has made a prima facie showing under 1170.95, and so consequently, the petition is denied."

II

DISCUSSION

When appointed counsel is unable to identify any arguable issues on appeal, we independently review the record. (*Wende*, *supra*, 25 Cal.3d at pp. 441-442.) Generally, "an arguable issue on appeal consists of two elements. First, the issue must be one which, in counsel's professional opinion, is meritorious. That is not to say that the contention must necessarily achieve success. Rather, it must have a reasonable potential for success. Second, if successful, the issue must be such that, if resolved favorably to the appellant, the result will either be a reversal or a modification of the judgment." (*People v. Johnson* (1981) 123 Cal.App.3d 106, 109.)

Section 1170.95 permits a person convicted of felony murder or murder under a natural and probable consequences theory to petition the court to vacate the conviction and resentence on any remaining counts. (§ 187; see *People v. Munoz* (2019)

4

39 Cal.App.5th 738, 754, review granted Nov. 26, 2019, S258234; see also *People v. Lopez* (2019) 38 Cal.App.5th 1087, 1092-1093, review granted Nov. 13, 2019, S258175.)

When appointed counsel files a *Wende* brief in an appeal from a denial of a section 1170.95 petition, a reviewing court is not required to independently review the record, but the court may do so in the interests of justice. (*People v. Flores* (2020) 54 Cal.App.5th 266, 269; accord *People v. Allison* (2020) 55 Cal.App.5th 449, 456 [court of appeal has "the discretion to review the record in the interests of justice"].)

Here, a jury found Hernandez guilty of two counts of murder. Hernandez was not convicted under the felony-murder rule or the natural and probable consequences doctrine. This renders Hernandez statutorily ineligible relief under the provisions of section 1170.95. We have independently reviewed the record and we agree with counsel's analysis that there are no arguable issues on appeal.


III

DISPOSITION

The order of the trial court is affirmed.


MOORE, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


GOETHALS, J.

5